IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Amul R. Patel, ) | C/A No. 7:25-cv-04797-DCC-KFM |
| )  Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Angela J. Moss, Michael Todd Thigpen, ) Amy Cox, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's motion for a temporary restraining order ("TRO") (doc. 6). The plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action seeking injunctive relief in relation to proceedings in the Spartanburg County Family Court at Case Number 2023-DR-42-00708 (hereinafter "Spartanburg Case") (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on June 2, 2025 (doc. 1). With the complaint, the plaintiff filed a motion for a TRO (doc. 6). In his motion, which reiterates the claims in the plaintiff's complaint, the plaintiff requests that orders from the Spartanburg Case be voided and all proceedings stayed until the instant matter is adjudicated (*id*. at 1, 4). The plaintiff alleges that allowing the Spartanburg Case final order to remain in effect would cause him irreparable harm because he faces being held in contempt of court and imprisoned even though the Spartanburg Case final order was improperly issued (*id*. at 1–2). The plaintiff alleges that the improperly issued order was issued without due process because his motion to compel was not heard in a timely fashion,

a Judge who had recused himself from the case issued continuance orders after the recusal, and the plaintiff was not allowed to present a proper defense during the case (*id*.). The plaintiff argues that he is entitled to issuance of a TRO because he is likely to succeed on the merits of his claims based on the foregoing deficiencies in the Spartanburg Case final order (*id*.). The plaintiff also contends that his potential incarceration weighs heavily in favor of issuing a TRO because there is only administrative inconvenience for the defendants in temporarily pausing enforcement of the Spartanburg Case final order (*id*. at 3). The plaintiff contends that a TRO is also in the public interest to preserve "the integrity of the judicial process" (*id*.). The plaintiff also seeks to have the TRO granted *ex parte* (*id*. at 4). Attached to the plaintiff's motion are several documents from the Spartanburg Case (doc. 6-1). As addressed below, the undersigned recommends that the plaintiff's motion be denied.

A plaintiff seeking a TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

The plaintiff's motion for a TRO should be denied because he has not shown that he is likely to succeed on the merits of his claim (docs. 1; 6). Indeed, the bulk of the plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman*[1] doctrine is jurisdictional and may be raised by the Court *sua sponte*. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). "[T]he Rooker-Feldman doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Here, the plaintiff's claims (seeking to have the Spartanburg Case final order stayed and voided) run afoul fo the *Rooker-Feldman* doctrine because it bars the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues – because only the United States Supreme Court may review those state-court decisions. *See Feldman*, 460 U.S. at 476–82 (a federal district court lacks authority to review final determinations of state or local courts because such review can be conducted only by the Supreme Court of the United States under 28 U.S.C. § 1257); *Davani*, 434 F.3d at 719 (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Dukes v. Stone*, C/A No. 3:08-cv-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). As such, the plaintiff is not likely to succeed on the merits of his claims because they are barred by the *Rooker-Feldman* doctrine; thus, his motion should be denied.

---

[1] The *Rooker-Feldman* Doctrine gets its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

3

In addition to the foregoing, the plaintiff has also not shown that he is likely to succeed on the merits of his claims because the named defendants are all immune from suit. For example, the Honorable Michael Todd Thigpen and the Honorable Angela J. Moss are both Spartanburg County Family Court judges and it is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his or her judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his or her authority. *Id.* at 12–13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). Here, the plaintiff's claims against Judges Thigpen and Moss involve their actions as Judges in the Spartanburg Case; thus, judicial immunity applies to the plaintiff's claims against them. Similarly, the plaintiff's claims against Ms. Cox, the Clerk of Court for Spartanburg County, involve her role as the Clerk of Court under the direction of judicial officers; thus, she has immunity as well in this matter. *See Holcomb v. Greenville Cnty. Clerk of Ct.*, C/A No. 6:17-cv-02001- MGL-SVH, 2017 WL 4023128, at *3 (D.S.C. Aug. 23, 2017), *Report and Recommendation adopted by* 2017 WL 4012389 (D.S.C. Sept. 12, 2017) (noting that immunity was extended to court support personnel because "disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts" (internal citation and quotation marks omitted)). In light of the foregoing, the plaintiff has not shown that he is

4

likely to succeed on the merits of his claims for purposes of his motion for a TRO. Accordingly, the undersigned recommends that the plaintiff's motion for a TRO be denied.

## RECOMMENDATION

Based upon the foregoing, the plaintiff's motion for a preliminary injunction and a temporary restraining order (doc. 6) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

June 4, 2025
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).