IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Amul R. Patel, | ) | Case No. 7:25-cv-04797-DCC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Angela J. Moss, Michael Todd Thigpen, | ) | |
| Amy Cox, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order ("TRO"). ECF No. 6. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On June 4, 2025, the Magistrate Judge issued a Report recommending that the motion for TRO be denied. ECF No. 11. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections.[1] ECF No. 13.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

---

[1] The Court notes that the objections were entered on the docket on June 11, 2025, and backdated to June 10, 2025. ECF No. 13.

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends that the motion for TRO be denied because Plaintiff has not established that he is likely to succeed on the merits of his claims.[2] Specifically, the Magistrate Judge determined that most of Plaintiff's claims are

---

[2] A plaintiff seeking a TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reinstated in relevant part on remand by 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably armed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See *Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

2

barred by the *Rooker-Feldman*[3] doctrine and that the named Defendants are immune from suit. ECF No. 11. As stated above, Plaintiff filed objections; accordingly, the Court's review has been de novo.

In his objections, Plaintiff contends that his claims are not barred by *Rooker-Feldman* because he is raising an independent claim alleging a constitutional violation. He further contends that he is not seeking to reverse a state court judgment but is instead asking that the Court declare that his constitutional rights were violated in the state court action.

As the Fourth Circuit recently reiterated, "'[t]he *Rooker-Feldman* doctrine . . . is confined to cases' possessing four characteristics: those '[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments.'" *T.M. v. Univ. of Maryland Med. Sys. Corp.*, No. 24-1707, 2025 WL 1571823, at *4 (4th Cir. June 4, 2025) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). Here, as explained in more detail by the Magistrate Judge, the requisite elements have been met. While Plaintiff attempts to couch his challenge to the state court order as a constitutional claim, the Fourth Circuit has held that a plaintiff "may not escape the jurisdictional bar of *Rooker-Feldman* by merely refashioning its attack on the state court judgments as a § 1983 claim." *Jordahl v. Democratic Party of Va.,* 122

---

[3] The *Rooker-Feldman* doctrine gets its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See Dist. Of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

F.3d 192, 202 (4th Cir. 1997).  To the extent Plaintiff contends that his claims for injunctive relief are not barred by *Rooker-Feldman*, that argument is also unpersuasive.  See *Lockhart v. Virginia*, No. 1:21-CV-710, 2021 WL 4024459, at *1 (E.D. Va. Aug. 10, 2021), *aff'd in part, dismissed in part,* No. 21-1966, 2022 WL 205681 (4th Cir. Jan. 24, 2022) ("The Court has no jurisdiction over Plaintiff's requests for declaratory and injunctive relief, which essentially amount to appellate review of the judgment of Fairfax County."). Accordingly, Plaintiff's objections are overruled.

Turning to the Magistrate Judge's recommendation that Plaintiff is unlikely to succeed on the merits of his claims because Defendants are immune from suit, Plaintiff argues in his objections that "judicial immunity does not apply to declaratory relief in the same categorical way."  ECF No. 13 at 2.  He further contends that Defendants acted outside the scope of their roles.

As noted by the Magistrate Judge, Defendants Thigpen and Moss are both Spartanburg County Family Court judges and Defendant Cox is the Clerk of Court for Spartanburg County.  Accordingly, they are immune from claims for damages arising out of their judicial and quasi-judicial acts unless they acted in the absence of jurisdiction. *See, e.g., Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages); *Holcomb v. Greenville Cnty. Clerk of Ct.*, C/A No. 6:17-cv-02001-MGL-SVH, 2017 WL 4023128, at *3 (D.S.C. Aug. 23, 2017), *report adopted*, 2017 WL 4012389 (D.S.C. Sept. 12, 2017) (noting that immunity was extended to court support personnel because "disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial

4

adjuncts" (internal citation and quotation marks omitted)). As Plaintiff's allegations involve the acts of Defendants as judges and court staff, they are immune from suit.

With respect to any arguments that judicial immunity only applies to claims for monetary damages, those arguments fail. In *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." However, in 1996, "Congress passed the Federal Courts Improvement Act, amending Section 1983 with the intent to overrule *Pulliam*." *Allen v. DeBello*, 861 F.3d 433, 439 (3d Cir. 2017); *Donato Malave v. Abrams*, 547 F. App'x. 346, 347 (4th Cir. 2013). Currently, "[j]udicial immunity typically bars claims for prospective injunctive relief against judicial officials acting in their judicial capacity. Only when a declaratory decree is violated or declaratory relief is unavailable would plaintiffs have an end-run around judicial immunity." *Ray v. Judicial Corr. Servs., Inc.*, No. 2:12-cv-02819-RDP, 2014 WL 5090723, at *3 (N.D. Ala. Oct. 9, 2014). Further, "a complaint seeking a declaration of past wrongdoing by a judge, in contrast to one seeking to halt a present or ongoing violation of federal law, is not a claim for prospective injunctive relief, but rather is retrospective in nature; such a complaint is barred by absolute judicial immunity." *Freeland v. Hutchison*, No. 2:23-CV-00350, 2023 WL 7250331, at *5 (S.D.W. Va. Sept. 29, 2023), *report adopted sub nom.*, No. 2:23-CV-00350, 2023 WL 7238415 (S.D.W. Va. Nov. 2, 2023).

Here, Plaintiff's claims are barred by judicial immunity as he has not established any relevant exceptions. Accordingly, his objections are overruled.

Moreover, to the extent Plaintiff's family court proceedings are ongoing, his related federal claims are not properly before this Court pursuant to the *Younger* abstention

5

doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The Supreme Court has since held, however, that the *Younger* abstention doctrine also applies "to noncriminal judicial proceedings when important state interests are involved." *See Harper v. Pub. Serv. Comm'n of W. VA.*, 396 F.3d 348, 351 (4th Cir. 2005) (referencing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44.

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432). In the instant case, the undersigned assumes Plaintiff's family court proceedings are ongoing based on his complaints regarding upcoming hearings. Thus, the first element under *Younger* is likely satisfied.

The second and third elements are also satisfied.  "Domestic relations is an area that has long been regarded as a virtually exclusive province of the States. Indeed, the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Adoptive Couple v. Baby*

*Girl*, 133 S. Ct. 2552, 2565 (2013) (internal citations omitted); *see also Kawai v. UaCearnaigh*, 249 F. Supp. 3d 821, 825 (D.S.C. 2017) (noting that ongoing family court action involved "an area of family law, which is a core source of state authority and thus is an 'important' state interest").  Lastly, Plaintiff can address his claims in the pending family court proceedings. Thus, to the extent Plaintiff's family court dispute remains ongoing, any claims for relief are barred by the *Younger* doctrine at this time.

## **CONCLUSION**

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.  The Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits; accordingly, his motion for TRO [6] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 17, 2025
Spartanburg, South Carolina